**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CARMEN GINN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 25-26-BAJ-SDJ** |
| **WALMART INC., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 15, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARMEN GINN, ET AL.**                                   **CIVIL ACTION**

**VERSUS**

                                                          **NO. 25-26-BAJ-SDJ**

**WALMART INC., ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 4) filed by Plaintiffs Carmen Ginn and Willie Johnese III. Defendants Walmart Inc.; Wal-Mart Louisiana, LLC; and Walmart Claims Service, Inc., have filed an Opposition thereto. (R. Doc. 7). For the reasons that follow, it is recommended[1] that Plaintiffs' Motion to Remand be denied.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On August 27, 2024, Plaintiffs filed their Petition in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.[2] On October 2, 2024, Defendants served their Requests for Admission to determine whether Plaintiffs damages exceed $75,000.[3] Plaintiffs responded to Defendants, admitting that Plaintiffs' damages exceed $75,000.[4] On January 8, 2025, Defendants removed this case, claiming that this Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] Plaintiffs filed their Motion to Remand on January 20, 2025, arguing that

---

[1] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").
[2] R. Doc. 1-2.
[3] R. Doc. 1-5 at 10.
[4] R. Doc. 1-6 at 1. "Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court." *Bell v. Allstate Ins. Co.*, No. 14-229, 2014 WL 4976344, at *3 (M.D. La. Oct. 2, 2014).
[5] R. Doc. 1 at 4. Plaintiffs are citizens of Louisiana. Defendant, Walmart Claims Services, Inc., is a citizen of Arkansas. Defendants, Walmart Inc. and Wal-Mart Louisiana, LLC, are citizens of Delaware and Arkansas.

Defendants' removal of this case was untimely and procedurally defective.[6] On January 31, 2025, Defendants filed their Opposition to Plaintiffs' Motion to Remand.[7]

## II.   LAW AND ANALYSIS

### A.   Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if, at any time, the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### B.   Whether Removal was Timely

In their Motion to Remand, Plaintiffs argue that Defendants' removal of the case was untimely. Per Plaintiffs, the amount in controversy is apparent on the face of their Petition.[8] Thus,

---

[6] R. Doc. 4.
[7] R. Doc. 7.
[8] R. Doc. 4-1 at 4.

3

service of the Petition triggered the 30-day time limit set out in 28 U.S.C. § 1446(b)(1) for removing a case.[9] Defendants were formally served with Plaintiffs' Petition on September 9, 2024, but did not file their Notice of Removal until January 8, 2025, more than 30 days later.[10] However, Plaintiffs' reliance here on the facially-apparent standard is misplaced, as the matter before this Court is, instead, a timeliness dispute.

The time limits for filing a notice of removal are set out in 28 U.S.C. § 1446, which mandates that a notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "Distinguishing between the two removal disputes is critical because different standards apply to each." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013). An "amount dispute" occurs "when the defendant removed a case within thirty days of receiving the initial pleadings—before the amount in controversy was clearly established—and the plaintiff moved to remand, objecting that the amount in controversy had not been met." *Id.* "'[A] timeliness dispute'—occurs when the defendant did not remove within thirty days after receipt of the initial pleadings under § 1446(b)'s first paragraph, but instead removed … within thirty days of receiving some amended pleading or 'other paper.'" *Id.* The Fifth Circuit has provided a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*." *Id.* at 399 (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis in original).

The issue presented here is whether the 30-day removal period was triggered by service of Plaintiffs' Petition on Defendants, or by Plaintiffs' response to Defendants' Request for

---

[9] *Id.* at 4-5.
[10] *Id.* at 5-6.

4

Admission, where Plaintiffs admitted that the amount in controversy exceeds the jurisdictional amount. The Fifth Circuit and this Court have rejected the facially-apparent test in timeliness cases. *See Mumfrey*, 719 F.3d at 400 ("[T]he 'facially apparent' inquiry is relevant only to 'amount dispute' cases."); *Livingston Parish Gravity Drainage Dist. No. 1 v. Wetland Equip. Co., Inc.*, No. 15-68, 2015 WL 3454730, at *4 (M.D. La. May 29, 2015) ("The facially apparent inquiry urged by the Plaintiffs is not the standard for triggering the 30-day removal period."). *See also Williams v. Brand Energy & Infrastructure Servs., Inc.*, No. 16-120, 2016 WL 3977259, at *5 (M.D. La. June 9, 2016) (rejected plaintiff's argument that "his list of damages was so extensive that it was clear his claims satisfied the jurisdictional amount, even though the Petition [did] not specifically allege his damages exceed $75,000").

In accordance with the Fifth Circuit's bright line rule, and adhering to our own precedent, this Court finds that the 30-day removal period was triggered by receipt of Plaintiffs' admission that their claims exceeded the federal jurisdictional amount. Defendants received Plaintiffs' admission on December 9, 2024, and Defendants filed their Notice of Removal on January 8, 2025, making removal timely.

### C. Whether Removal was Procedurally Defective and Warrants Remand

In their Motion to Remand, Plaintiffs also argue that Defendants' removal of this case was procedurally defective because they did not attach the return copies of the Citations, served upon the Defendants, to their Notice of Removal.[11] 28 U.S.C. § 1446, governing the procedure for removal of civil actions to federal court, provides, in pertinent part:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal,

---

[11] *Id.* at 6.

> *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

11 U.S.C. § 1446(a) (emphasis added).

"[F]ailure to file one of the required state court papers is a procedural defect that courts have often permitted the removing party to cure." *Glenn v. Bitco Gen. Ins. Co.*, No. 21-1691, 2021 WL 5905641, at *1 (E.D. La. Dec. 14, 2021). *See Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 308 (5th Cir. 2018) (failure to file four documents were procedural defects "and d[id] not require remand"); *Mohler v. Geico Gen. Ins. Co.*, No. 19-864, 2020 WL 2516053, at *4 (M.D. La. Apr. 16, 2020) (where defendants failed to include all the required documents in its notice of removal, "the appropriate remedy would be to supplement the record with those missing documents").

Defendants have already cured their minor defect by attaching the return copy of the Citation to their Opposition to Plaintiffs' Motion to Remand.[12] *See Khalil v. Exxon*, No. 23-531, 2023 WL 2770128, at *2 (E.D. La. Apr. 4, 2023) (finding remand inappropriate "where the defect has already been cured … and the case is otherwise removable"). Plaintiffs' attachment of the return copies of the Citations to their Motion to Remand[13] indicates that Plaintiffs were not prejudiced by Defendants' omissions, nor do Plaintiffs claim to be. *See Abrams, Tr. of Richard N. Abrams Trust Created Under Abrams Family Gift Trust v. Allstate Vehicle & Prop. Ins. Co.,* No. 17-922, 2018 WL 10561519, at *3 (N.D. Tex. Jun. 15, 2018) ("Plaintiff was not prejudiced by Defendant's failure to include a copy of the citation in the notice of removal, which is evidenced by Plaintiff's inclusion of the citation in … its motion for remand."). Furthermore, Plaintiffs fail to cite any authority to support their argument. Therefore, remand based on Defendants' failure to

---

[12] R. Doc. 7-1 at 13-14.
[13] R. Doc. 4-3.

attach the return copies of the Citations to their Notice of Removal, a defect that has now been cured, is not appropriate.[14]

### III.    CONCLUSION AND RECOMMENDATION

Based on the forgoing,

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 4) filed by Plaintiffs Carmen Ginn and Willie Johnese III be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' request for attorney fees be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 15, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] In their Motion to Remand, Plaintiffs also request attorney's fees. As Plaintiffs' Motion is being denied, their request is denied. *See* 28 U.S.C. § 1447(c) ("An order *remanding* the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") (emphasis added).